# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15-cv-00025-FDW

| | |
|---|---|
| WARREN R. NEWELL, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| HENDERSON COUNTY ) | **ORDER** |
| SHERIFF'S OFFICE; ) | |
| HENDERSON COUNTY JAIL ) | |
| OFFICIALS; HENDERSON ) | |
| COUNTY MEDICAL STAFF, ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's *pro s*e complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). For the reasons that follow, Plaintiff's complaint will be dismissed.

## I. BACKGROUND

Plaintiff is presently detained in the Cherokee County Detention Center following his conviction on June 24, 2014, in the Federal District Court in Asheville on two counts of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and he is awaiting sentencing. (Criminal Case No. 1:14-cr-00022-MR-DLH-1, Doc. No. 1: Indictment; Doc. No. 26: Jury Verdict).

In his § 1983 complaint, Plaintiff alleges that he was detained in the Henderson County Detention Center (HCDC) prior to his transfer to Cherokee, and that while he was housed in the HCDC his due process rights were violated. Specifically, Plaintiff contends that unnamed individuals with the Henderson County Police Department failed to conduct a field test to test

1

suspected controlled substances which resulted in his unnecessary detention for five-months. (1:15-cv-00025, Doc. No. 1: Compl. at 6). Plaintiff also alleges that the Henderson Police Department, detention staff and medical staff failed to properly evaluate his mental health status and that such failure represents a deliberate indifference to his serious medical needs. (Id. at 6-7).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

In his complaint, Plaintiff fails to identify any individual person by name in support of his claims of constitutional violations. Rather, he generically, and cryptically, names the Henderson County Sheriff's Office, Henderson County Jail Officials, and the Henderson County Medical Staff. However, this bare-bones pleading is plainly insufficient to put any person on notice that he or she may have violated Plaintiff's constitutional rights.

2

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

As its language indicates, Section 1983 applies only to "persons" acting under color of state law. The Court finds that even after construing Plaintiff's complaint in the most favorable light, Plaintiff has clearly failed to state a claim upon which relief may be granted because he has identified no individual persons that may have violated his constitutional rights. And to the extent that Plaintiff attempts to name the Henderson County Sheriff in his official or individual capacity, this claim likewise fails because there are no allegations that the sheriff knew about any alleged violations or unreasonably failed to act in response to a potential constitutional violation.

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 29, 2015

Frank D. Whitney
Chief United States District Judge